UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 12 C 9968 |
| | ) |
| UNITED STATES OF AMERICA, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Eddie Bell was convicted by a jury on crack cocaine distribution charges and sentenced to 300 months in custody. The Court of Appeals affirmed the convictions of Bell and three co-defendants, but ordered a limited remand to give this court an opportunity to consider re-sentencing them in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007). *United States v. Martin*, 618 F.3d 705, 739 (7th Cir. 2010). This court declined to re-sentence any of the four, and the Court of Appeals affirmed in an unpublished order dated November 14, 2011. *United States v. Martin*, Nos. 07-2272, 07-4010, 07-3893, 07-3940, 2011 WL 5519811 (7th Cir. Nov. 24, 2011). Bell has filed a timely petition for relief from his sentence pursuant to 28 U.S.C. § 2255, raising two claims: (1) that counsel abandoned him at a critical stage in the proceedings; and (2) that counsel was ineffective at sentencing in failing to challenge certain sentencing enhancements imposed on the basis of facts not found by a jury. In support of this second claim, Bell relies on *United States v. O'Brien*, 560 U.S. 218 (2010).

The court concludes that trial counsel was not ineffective for failing to make a sentencing argument that would have been inconsistent with controlling circuit law, but that his abandonment claim supports § 2255 relief. The court therefore grants his petition and will appoint counsel to pursue an appeal from this court's decision refusing to re-sentence him.

## FACTUAL AND PROCEDURAL HISTORY

**I.     Trial**

Petitioner Bell is one of dozens of alleged co-conspirators indicted on narcotics distribution charges in September 2004. *See generally United States v. Martin*, 618 F.3d 705, 707 (7th Cir. 2010). Petitioner proceeded to trial along with Troy Martin and two other co-defendants. Other co-Defendants, John Braboy, Mario Taylor, and Jerome Terrell were tried separately. Petitioner Bell and several of the others were found guilty. *Martin*, 618 F.3d at 708. At sentencing, this court made a determination of the specific quantity of crack cocaine at issue, and then applied enhancements for Bell's possession of a weapon and his role in the conspiracy, pursuant to Federal Sentencing Guidelines § 2D1.1(b)(1) and § 1B1.3. (*See* Order, *United States v. Martin*, No. 04-CR-495 [2483], hereinafter "R. 2483," 4.) After determining his guideline sentence range of 360 months to life, the court sentenced Bell to a below-guideline sentence of 300 months in custody. (R. 2483 at 2.)

**II.    Appeal and Remand**

Petitioner and co-Defendants Martin, Braboy, and Taylor filed timely appeals. *United States v. Martin*, 618 F.3d 705 (7th Cir. 2010). The Seventh Circuit affirmed their convictions, but ordered a limited remand in accord with *United States v. Taylor*, 520 F.3d 746, 748–49 (7th Cir. 2008). Prior to *Taylor*, district courts were bound by an interpretation of the Sentencing Guidelines that gave crack cocaine distribution a weight 100 times greater than the equivalent weight of powder cocaine. The remand directed this court to determine whether it would impose the same sentence on Bell and his co-defendants, if the court had been aware that it was free to question the crack cocaine weighing practice.

On remand, this court pointed out that the amount of crack cocaine was not the driving force behind Bell's sentence. (R. 2483 at 4.) In a written ruling, the court noted that the amount of crack cocaine for which Bell was responsible was just one factor (along with Petitioner's criminal history, his use of a weapon, and his aggravating role in the offense) that resulted in the maximum guideline range, even without consideration of the government's argument for a two-

2

point sentence increase for obstruction of justice. And, as the court also noted, despite these factors, the court had imposed a sentence 60 months below the low end of the guideline range. This court declined to re-sentence Petitioner, stating, "under no circumstances would a sentence shorter than 300 months be appropriate." (R. 2483 at 5.)

The court entered its order on October 7, 2011. (R. 2483 at 7.) Six days later, on October 13, 2011, Bell's attorney, Beau Brindley, wrote to him, advising him of the court's decision and notifying Bell that he had "an absolute right to appeal the district court's decision." (Brindley Letter, Ex. C to Bell's Mem. in Supp. of Mot. to Vacate at 39 [4], hereinafter "Brindley Letter.") Though the agreement between Attorney Brindley and Petitioner Bell had expressly contemplated that Brindley would represent Bell on appeal (Brindley Agreement, Ex. A to Bell's Mem. in Supp. of Mot. to Vacate at 35 [4]), Brindley now announced that "[a]n appeal from the enclosed order is not something my firm is willing to do on your behalf," and that Bell would "therefore need to secure new counsel to pursue [his] appellate rights." (Brindley Letter at 1.) On October 14, 2011, the Seventh Circuit received this court's order declining to re-sentence Bell and invited the parties to file any additional submissions within seven days. (Notice to File Resp., *United States v. Bell*, No. 07-3893 [102] (7th Cir. Oct. 14, 2011).) None of the Defendants did so, but on October 27, 2011, Petitioner Bell filed an untimely *pro se* notice of appeal, requesting leave to file a late notice. (*See* Order, *United States v. Bell*, No. 04-CR-495 [2583], hereinafter "R. 2583," 2.) On November 14, 2011, in an unpublished order, the Seventh Circuit affirmed the district court's decision not to re-sentence Petitioner or his co-defendants. *See United States v. Martin*, 2011 WL 5519811, at *2. Perhaps unaware of Bell's *pro se* filing, the Court of Appeals noted that none of the four Defendants whose sentence was the subject of a limited remand had "acted on [the court's] invitation" to file a submission in response to this court's order. *Id.* Several months later, the Seventh Circuit dismissed Bell's *pro se* appeal as moot. (R. 2583 at 2.)

Bell's *pro se* petition for relief from his conviction and sentence was timely filed on December 13, 2012.

**DISCUSSION**

Petitioner Bell seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255(a), which allows a prisoner convicted in federal court to seek to vacate, set aside, or correct his sentence. Section 2255 is an extreme remedy; this relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).

Bell has argued that he was denied his constitutional right to effective counsel in two ways: (a) counsel abandoned him by failing to challenge the court's refusal to resentence him; and (b) counsel failed to challenge the district court's determination of specific drug quantity, possession of a firearm during the course of the conspiracy, and Petitioner's role in the offense. Bell contends that enhancements to his sentence based on those determinations are infirm because they rest on the court's own findings, by a preponderance of the evidence, rather than on a jury's determination beyond a reasonable doubt. In support of this second argument, Bell cites *United States v. O'Brien*, 560 U.S. 218 (2010). (Petition [1], hereinafter "Pet.," 10, 16.) The court addresses those arguments in reverse order.

**I.   Ineffectiveness for Failure to Challenge Sentencing Determinations**

The argument based on *O'Brien* requires little discussion. In *United States v. O'Brien*, 560 U.S. 218 (2010), the Supreme Court reviewed a conviction for use of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(i). The firearms statute provides that where a machinegun is the weapon at issue, the defendant found guilty faces a mandatory minimum sentence of thirty years. *Id.* § 924(c)(1)(B)(ii). The government had indicted O'Brien under that machinegun section, but withdrew the charge because it could not prove, beyond a reasonable doubt, that a machinegun was involved. It nevertheless argued on appeal that the district judge erred in imposing a sentence of just 84 months because the judge could find, based on a preponderance of the evidence, that the weapon was indeed a machinegun. The Supreme Court disagreed. Affirming the lower courts, the high court held that the fact that the firearm was a machinegun is an element of the offense, not a sentencing

4

factor. Accordingly, the machinegun finding must be proved to the jury beyond a reasonable doubt. *O'Brien* addressed the proof required when elements of an offense increase the mandatory minimum or maximum of a sentence. *O'Brien*, 650 U.S. at 224. As the Supreme Court explained, "while sentencing factors may guide or confine a judge's discretion in sentencing an offender '*within the range* prescribed by statute,'. . . judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive . . . ." *Id.* (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

*O'Brien* does not cast any shadow on the court's sentencing decision in this case. Since *O'Brien* was decided, the Seventh Circuit has confirmed that the district court retains authority to determine specific drug quantities on a "preponderance of the evidence" basis. *See United States v. Pineda-Buenaventura*, 622 F.3d 761, 774 (7th Cir. 2010). The *Pineda-Buenaventura* court expressly noted the distinction between the weapons offense at issue in O'*Brien* and a drug offense, where the amount at issue influences the sentencing guidelines determination. The court stated, "our precedent is clear that judges may determine drug amounts by a preponderance of the evidence that subject a defendant to a statutory minimum." *Id.* at 773.

Petitioner also challenges the district court's determination of his role in the offense and possession of a weapon, in accord with United States Sentencing Guidelines Manual § 2D1.1(b)(1) and § 1B1.3 respectively. Like the enhancement addressed in *Pineda-Buenaventura*, those factors fall comfortably within the realm of factors on which a court may make its own findings when it determines a sentence within the maximum set forth in the offense statute. The Supreme Court has explained that the Federal Sentencing Guidelines establish a statutory range within which the judge exercises discretion guided by guideline factors. The Court stated that "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *U.S. v. Booker*, 543 U.S. 220, 264 (2005). This court properly used the Guidelines, "an essential tool in creating a fair and uniform sentencing regime," as a source in imposing Bell's sentence, acted within its discretion in making determinations about enhancements based on a preponderance of the

5

evidence, *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005), and then imposed a sentence well below the otherwise-applicable guideline. Any challenge to this practice would have been rejected, and Bell's attorney was not ineffective for failing to make such a challenge,

**II.     Abandonment**

Petitioner's abandonment claim has greater traction. A criminal defendant is entitled to the effective assistance of counsel at every critical stage of the criminal proceeding, including on direct appeal. *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012); *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012). Bell has presented evidence that he was in fact abandoned after this court declined to resentence him. Attorney Brindley advised Bell of the ruling, advised Bell that he would not represent Bell on appeal from that ruling, and advised that Bell would have to "secure new counsel to pursue [his] appellate rights." (Brindley Letter at 1.) Brindley neither filed a notice of appeal on Bell's behalf nor prepared an *Anders* brief.

The government's response to the claim of abandonment is unconvincing. The government correctly notes that Bell had the benefit of counsel prior to the appeal of the limited remand, and then invokes the test for ineffective assistance outlined in *Strickland v. Washington,* 466 U.S. 668 (1984), urging that Bell cannot establish prejudice resulting from counsel's failure to pursue his appeal. (Gov't Resp. to Defs.' § 2255 Mot. [7], at 4.) Where an attorney has abandoned the client altogether, however, the *Strickland* test does not apply. A petitioner who establishes that he was abandoned by counsel need not demonstrate that his appeal would have been successful. The Supreme Court has "held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (citing United States v. Cronic, 466 U.S. 648, 659 (1984)); see also Smith v. Robbins, 528 U.S. 259, 286 (2000); Penson v. Ohio, 488 U.S. 75, 88-89 (1988). In this case, although counsel gave Petitioner general notice about his right to appeal, he did not preserve Petitioner's right or relay the Seventh Circuit's explicit instructions,

and therefore denied Petitioner access to the appellate proceeding. In this context, prejudice is presumed. See Flores-Ortega, 528 U.S. at 483.

The presumption of prejudice is ordinarily not the end of the inquiry. "In order to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. Bell readily meets that test in this case; he asserts that throughout the proceedings, he expressed a desire to pursue all possible appeals. (Pet. at 14.) This contention is wholly consistent with Bell's demeanor at trial and on his direct appeal, and is confirmed in this case by the fact that a mere 20 days after the district court's order, and just two weeks after receiving Brindley's letter, Bell did file a notice of appeal on his own. (R. 2583 at 2.) The Court of Appeals concluded that Bell's appeal was moot, but a more rapid response to this court's determination presumably would not have been: the Seventh Circuit's unpublished order made explicit mention of the fact that Bell had not responded to its invitation to comment on this court's ruling. See United States v. Martin, 2011 WL 5519811, at *2. There is no reason to believe Petitioner would not have wanted to see his sentencing appeal proceed through all possible avenues.

## **CONCLUSION**

For the reasons cited above, the court grants Petitioner Bell's petition as follows: Attorney Dan Hesler, who represents Bell in pending motion for sentence reduction, is hereby appointed to pursue an appeal from this court's order declining to re-sentence Bell.

ENTER:

Dated: July 23, 2015

_____
REBECCA R. PALLMEYER
United States District Judge

7